IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
CIVIL DIVISION, SECOND DIVISION

YVONNE LAWRENCE LEE, individually and
as ADMINSTRATRIX OF THE ESTATE OF
KENNETH LAWRENCE, DECEASED                                                PLAINTIFF

VS.                          CASE NO.: 60CV-19-2

CHARLES "DOC" HOLLADAY, individually and
in his official capacity as former Sheriff of Pulaski County;
MIKE SYLVESTER, individually and his official capacity as
former Chief of Detention of the PULASKI COUNTY
REGIONAL DETENTION FACILITY; DR. KAREN CHASE,
individually and in her official capacity; TURN KEY HEALTH
CLINICS, LLC, ERIC HIGGINS, in his official capacity as
Sheriff of Pulaski County; JOHN and JANE DOES 1 – 10                        DEFENDANTS

### DEFENDANT SHERIFF HIGGINS'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

COMES the Separate Defendant, Eric Higgins, individually and in his official capacity, and provides the following responses to the first interrogatories and requests for production of documents propounded to him by Plaintiff, Yvonne Lawrence Lee, individually and as Administratrix of the Estate of Kenneth Lawrence:

**INTERROGATORY NO. 1:** Please state in detail, your roles, duties and responsibilities as Sheriff of Pulaski County?

**RESPONSE:** Sheriff Higgins is responsible for the overall operations of the Pulaski County Sheriff's Office ("PCSO"). He executes this authority through delegation to subordinates.

**INTERROGATORY NO. 2:** Please state specifically the following regarding your responsibilities relating to the Pulaski County Regional Detention Facility (PCRDF):

    a.    What is your role?

    b.    Are you involved in the day-to-day operation of the PCRDF? If not, how often are you involved with the operations of the PCRDF?



EXHIBIT 4

    c.      What decisions, if any, do you make concerning:

          1.     Hiring of employees at the PCRDF

          2.     Retention of employees at the PCRDF

          3.     Training of employees at the PCRDF

    d.      What role do you play in securing medical treatment for inmates at the PCRDF?

**RESPONSE:** Sheriff Higgins is responsible for the overall operations of the PCSO, which includes the PCRDF. He executes his authority through delegation to subordinates. Chief Deputy Charles Hendricks manages the Detention Branch of the PCSO. Major Matthew Briggs is Commander of Detention. Captain Toni Rose is over Housing and Security. Captain Kelly Paxson is over Operations and Support. The supervisory position over Intake and Transportation is currently open, as the individual formerly holding that position, Captain Bobbie Townsend, retired in June 2019. As a result of Sheriff Higgins's delegation, he is not involved in the day-to-day operations of the PCRDF unless a particular matter is brought to his attention.

Sheriff Higgins does not usually involve himself in the details of vetting prospective employees or in deciding who to hire or who not to hire. All Pulaski County hiring is conducted through the Pulaski County human resources department according to their usual procedures and practices. It is unclear what Plaintiff means when she asks about Sheriff Higgins's involvement in the retention of employees. Sheriff Higgins therefore objects to that question.

With respect to the training of employees at PCRDF, Pulaski County follows state minimum training requirements and maintains an in-house training program. Individuals must be trained through that program before becoming a detention deputy. Training of PCRDF employees is done at the administrative level, not the executive level.

2

Medical treatment of inmates at PCRDF is conducted by an independent contractor, Turn Key Health Clinics, LLC ("Turn Key Health"). Turn Key Health maintains a contract with Pulaski County. The ultimate decision of whether to contract with Turn Key Health was made by the Pulaski County Quorum Court and county executive.

**REQUEST FOR PRODUCTION NO. 1:** Please produce a complete copy of the following with respect to the PCRDF whether verbal or written including Memorandums and Addendums to the policies and rules:

a. Complete copy of every Policy and Procedure Manual in place from January 1, 2014 to date you left of the PCRDF;

b. Training programs including materials distributed to employees or contractors;

c. Organizational Chart;

d. Duties and responsibilities of each employee, contractor or agent of the PCRDF;

e. Policy, procedures and training, including materials, related to the use of spit masks;

f. Policy, procedures and training, including materials, related to the use of pepper spray;

g. Policy, procedures and training, including materials, related to the use of thorazine;

h. Policy, procedures and training, including materials, related to the use of restraints;

i. Policy, procedures and training, including materials, related to the use of force;

j. Policy, procedures and training, including materials, related to the use of inmate medical care;

k. Policy, procedures and training, including materials, related to the use of inmates who suffer from seizures;

3

**RESPONSE:** Please see the attached policies, training materials, and organizational chart maintained by Defendants.

**INTERROGATORY NO. 3:** Please state the name, address, and telephone number of all persons known to you, your attorneys, or other representatives of the Pulaski County Sheriff's Department who have knowledge of the facts alleged or described in Plaintiff's Complaint, or of any facts relevant to or material to the issue of liability in this case or with respect to any part of the incidents which are the subject of this litigation, or with respect to any of the events leading up to or immediately following such incidents, whether or not defendant intends to call such persons as witnesses at the trial of this matter. For each person listed, please provide a summary of the facts or relevant material which they have knowledge.

**RESPONSE:** Based on the relevant incident reports and medical records, the following individuals may have knowledge of facts at issue in this case:

- Charles "Doc" Holladay
    - Contact through counsel
    - Has knowledge of the policies and practices of the Pulaski County Sheriff's Office during his term as Sheriff

- Eric Higgins
    - Contact through counsel
    - Has been Pulaski County Sheriff since January 1, 2019, and has no personal knowledge about Plaintiff's claim

- Mike Sylvester
    - Contact through counsel
    - Has knowledge of the policies and practices of the Pulaski County Regional Detention Facility during his tenure as Chief Deputy of Detention

4

- Deputy Ledrey Junior
    - 6714 Medford Lane, North Little Rock, AR 72117
    - 501-366-0768
    - Called a Code Red for Kenneth Lawrence on 6/9/17 in D Unit
- Deputy Tequila Turner
    - Contact through counsel
    - Responded to the 6/9/17 Code Red in D Unit
- Sergeant Rick Fields
    - Contact through counsel
    - Responded to the 6/9/17 Code Red in D Unit
- Nurse Jonathan Nguyen
    - Former employee of Turn Key Health. Contact information unknown.
    - Responded to the 6/9/17 Code Red in D Unit
- Nurse Jacob Mitchell
    - Former employee of Turn Key Health. Contact information unknown.
    - Responded to the 6/9/17 Code Red in D Unit
- Nurse Kim Harrison
    - Former employee of Turn Key Health. Contact information unknown.
    - Responded to the 6/9/17 Code Red in D Unit
- Nurse Steven Cook
    - Former employee of Turn Key Health. Contact information unknown.
    - Responded to the 6/9/17 Code Red in D Unit
- Nurse Quelinda Tillman
    - Former employee of Turn Key Health. Contact information unknown.

- o Responded to the 6/9/17 Code Blue in D Unit

- Sergeant Anthony Jenkins
    - o Contact through counsel
    - o Responded to the 6/9/17 Code Red in D Unit

- Deputy Cody Stone
    - o Contact through counsel
    - o Responded to the 6/9/17 Code Red in D Unit

- Deputy Stephanie Johnson
    - o Contact through counsel
    - o Responded to the 6/9/17 Code Red in D Unit

- Nurse Mallory Mannis
    - o Former employee of Turn Key Health. Contact information unknown.
    - o Responded to the 6/9/17 Code Red in D Unit

- EMT Tina Moore
    - o Current employee of Turn Key Health. Contact information unknown.
    - o Responded to the 6/9/17 Code Red in D Unit

- Deputy Richard Murphy
    - o Contact through counsel
    - o Responded to the 6/9/17 Code Blue in D Unit

- Deputy Ryan Crancer
    - o Contact through counsel
    - o Responded to the 6/9/17 Code Red in L Unit

- Lieutenant Rodney Shephard
    - o Contact through counsel

6

- o Responded to the 6/9/17 Code Red in D Unit
- Sergeant Gail Long
    - o Contact through counsel
    - o Responded to the 6/9/17 Code Blue in D Unit
    - o Present during 6/9/17 Code Red in L Unit
- Sergeant Matthew Arivette
    - o Contact through counsel
    - o Responded to the 6/9/17 Code Red in D Unit
    - o Present during 6/9/17 Code Red in L Unit
- Deputy Creshondra Brown
    - o Contact through counsel
    - o Responded to the 6/9/17 Code Blue in D Unit
    - o Responded to the 6/9/17 Code Red in L Unit
- Sergeant Lillie Ware
    - o Contact through counsel
    - o Responded to 6/9/17 Code Red in D Unit
- Deputy Felicia Fields
    - o Contact through counsel
    - o In L Unit at time Kenneth Lawrence was brought into L Unit following D Unit Code Red on 6/9/17
- Deputy Larry Barbee
    - o Contact through counsel
    - o Responded to 6/9/17 Code Red in L Unit

7

- Deputy Stephanie Johnson
    - Contact through counsel
    - Responded to 6/9/17 Code Red in D Unit
- Deputy Christian Beasse
    - Contact through counsel
    - Responded to 6/9/17 Code Red in D Unit
- Deputy Kerry Newburn
    - Contact through counsel
    - Rode as escort to UAMS in PCSO van
- Karen Chase
    - Former employee of Turn Key Health
    - Responded to the 6/9/17 Code Red in L Unit
- EMT Shane Poyambo
    - Current employee of Turn Key Health. Contact information unknown.
    - Possibly conducted the intake screening of Kenneth Lawrence for medical booking
- Nurse Mary Bahan
    - Current employee of Turn Key Health. Contact information unknown.
    - Possibly involved in intake screening of Kenneth Lawrence for medical booking
- Emilio Sacul
    - Contact information unknown
    - Cellmate of Kenneth Lawrence on 6/9/17

**REQUEST FOR PRODUCTION NO. 2:** Please produce a complete copy of each and every document, record or thing related in any way to Interrogatory Number 3. More specifically,

8

with respect to each and every person that had contact with Kenneth Lawrence during the incident wherein Plaintiff contends he had a seizure on June 9, 2017, provide:

    a.    A complete copy of any personnel file or employee record;

    b.    A complete copy of any document, record, statement or thing related this incident by or from them;

**RESPONSE**: Objection. The request for complete copies of personnel files or employee records of each of the individuals identified in the response to Interrogatory No. 3 is overly broad and not likely to lead to admissible evidence. Sheriff Higgins further objects because he does not have possession, custody, or control over personnel files or employee records of Turn Key Health employees.

The majority of the individuals identified in the response to Interrogatory No. 3 were peripheral actors who responded to the incident involving Kenneth Lawrence because a code was called. Two code reds and one code blue were called on June 9, 2017, with respect to Kenneth Lawrence. These codes required the response of anyone and everyone able. Everyone who responds to such a code drafts a report, even if their involvement is minimal. Therefore, the request for each identified individual's entire personnel file or employee record is overly broad, and will result in the production of thousands of pages that have no bearing on claims made by Plaintiff. All available reports drafted by responding individuals are found in the attached jail file. If, after reviewing those reports, the Plaintiff can determine with greater specificity what portions of individual personnel files she wishes to review, and if circumstances ultimately require production, Sheriff Higgins will consider supplementing in accordance with the Arkansas Rules of Civil Procedure.

**INTERROGATORY NO. 4:** *[Prior to answering this interrogatory, please review, at a minimum, the items that the PCRDF has produced in response to FOIA Requests regarding Kenneth Lawrence's incarceration at the PCRDF. If you do not have access to these documents, Plaintiff's counsel will make available to your attorney.]* Please state in detail your contention as to whether Kenneth Lawrence informed the Pulaski County Regional Detention Facility and/or its employees or agents that he was prescribed medication to deal with seizures.

**RESPONSE:** In 2016, it was indicated on a PCRDF medical form that Kenneth Lawrence was prescribed Keppra. With respect to 2017, it is unclear whether Kenneth Lawrence informed PCRDF and/or its employees or agents that he was prescribed medication to deal with seizures. The June 8, 2017 Intake Acceptance and Screening form notes that Kenneth Lawrence was being treated for a seizure disorder, but it does not note what that treatment consisted of. The form also indicates that Kenneth Lawrence was taking prescription medications that needed to be continued while at PCRDF, but it is unclear whether the prescription medications referenced were for treatment of a seizure disorder.

**INTERROGATORY NO. 5:** *[Prior to answering this interrogatory, please review, at a minimum, the items that the PCRDF has produced in response to FOIA Requests regarding Kenneth Lawrence's incarceration at the PCRDF. If you do not have access to these documents, Plaintiff's counsel will make available to your attorney.]* Please state in detail your contention as to whether Kenneth Lawrence needed Keppra on June 8, 2017 to manage his seizures.

**RESPONSE:** Sheriff Higgins is not a trained medical professional and therefore cannot opine as to whether Kenneth Lawrence needed Keppra on June 8, 2017, to manage his seizures.

**REQUEST FOR PRODUCTION NO. 3:** Please produce a copy of each and every document, record or thing which would support your response to Interrogatory Number 5.

10

**RESPONSE:** There are no documents responsive to this request.

**INTERROGATORY NO. 6:** *[Prior to answering this interrogatory, please review, at a minimum, the items that the PCRDF has produced in response to FOIA Requests regarding Kenneth Lawrence's incarceration at the PCRDF. If you do not have access to these documents, Plaintiff's counsel will make available to your attorney.]* Did Kenneth Lawrence ever receive Keppra on or after June 8, 2017 while at the Pulaski County Regional Detention Facility?

**RESPONSE:** The medical record does not indicate that Mr. Lawrence was administered Keppra on or after June 8, 2017.

**REQUEST FOR PRODUCTION NO. 4:** Please produce a copy of each and every document, record or thing which would support your response to Interrogatory Number 6.

**RESPONSE:** Please see attached jail file.

**INTERROGATORY NO. 7:** *[Prior to answering this interrogatory, please review, at a minimum, the items that the PCRDF has produced in response to FOIA Requests regarding Kenneth Lawrence's incarceration at the PCRDF. If you do not have access to these documents, Plaintiff's counsel will make available to your attorney.]* On May 4, 2016, did LPN M. Mannis, complete an Altercation Form in which she documented that "i/m (inmate) laying on the floor having seizure like activity?"

**RESPONSE:** Yes, Nurse Mannis completed an altercation form indicating Kenneth Lawrence had a seizure.

**INTERROGATORY NO. 8:** *[Prior to answering this interrogatory, please review, at a minimum, the items that the PCRDF has produced in response to FOIA Requests regarding Kenneth Lawrence's incarceration at the PCRDF. If you do not have access to these documents,*

11

*Plaintiff's counsel will make available to your attorney.]* On May 4, 2016 did a screening form from the PCRDF indicate that Kenneth Lawrence's current medication was "Keppra"?

**RESPONSE:** Yes.

**INTERROGATORY NO. 9:** If you answered Interrogatory 7 and Interrogatory 8 "yes," was the PCRDF aware prior to Kenneth Lawrence's intake on June 8, 2017 that he had a seizure condition which was being treated by "Keppra"? If you answered Interrogatory 7 or Interrogatory 8 "no," then explain in detail your response.

**RESPONSE:** Information in an inmate's medical file is not imputed to detention staff or to the Pulaski County Sheriff's Office. This information is private medical information protected from disclosure by HIPAA, so is not generally known to housing and security staff. Knowledge or information available to the medical contractor is not imputed to the Sheriff's Office either. The medical provider is an independent contractor.

**INTERROGATORY NO. 10:** *[Prior to answering this interrogatory, please review, at a minimum, the items that the PCRDF has produced in response to FOIA Requests regarding Kenneth Lawrence's incarceration at the PCRDF. If you do not have access to these documents, Plaintiff's counsel will make available to your attorney.]* Do Kenneth Lawrence's medical records contain any notation of administration of Keppra?

**RESPONSE:** Yes.

**REQUEST FOR PRODUCTION NO. 5:** Please produce a copy of each and every document, record or thing which would support your response to Interrogatory Number 10.

**RESPONSE:** The medical file has evidence of administration of Keppra to Mr. Lawrence in 2016.

12

**INTERROGATORY NO. 11:** *[Prior to answering this interrogatory, please review, at a minimum, the items that the PCRDF has produced in response to FOIA Requests regarding Kenneth Lawrence's incarceration at the PCRDF. If you do not have access to these documents, Plaintiff's counsel will make available to your attorney.]* Did Kenneth Lawrence sustain a seizure on June 9, 2017?

**RESPONSE:** Sheriff Higgins was not present during the incidents described in the First Amended and Substituted Complaint and, therefore, has no personal knowledge of whether Kenneth Lawrence sustained a seizure on June 9, 2017. Sheriff Higgins does not deny, however, that the medical records indicate Kenneth Lawrence sustained a seizure on June 9, 2017.

**INTERROGATORY NO. 12:** Please state whether an investigation was done regarding the incident referred to in Plaintiff's Complaint. If so, please state:

    a.    The name, address and phone number of individual(s) conducting the investigation;

    b.    The dates of said investigation;

    c.    Any recommendations made as a result of the investigation.

**RESPONSE:** Please see attached documents related to Professional Standards Unit investigation, Criminal Investigations Division investigation, and review by the Pulaski County Prosecutor's Office.

**REQUEST FOR PRODUCTION NO. 6:** Please produce each and every document, record or thing contained in or reviewed as a part of the investigation of this incident.

**RESPONSE:** Please see attached documents related to Professional Standards Unit investigation, Criminal Investigations Division investigation, and review by the Pulaski County Prosecutor's Office.

**INTERROGATORY NO. 13:** Please state whether you, or your attorney, or anyone acting on your behalf, has asked or engaged an expert witness to render an opinion as to any of the facts relating to the incident in question, and whether you intend to call that person as an expert witness in the trial of this matter. If so, for each such expert witness state his name, address, telephone number, and the substance of his report.

**RESPONSE:** At this time, Sheriff Higgins has not retained an expert witness and has not made a decision as to whether an expert witness will be retained. If and when such a decision is made, the Plaintiff will be notified and this response will be supplemented in accordance with the Arkansas Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 7:** Please produce each and every document used, relied upon or referred to or that is the subject of every interrogatory.

**RESPONSE:** Please see the attached documents.

**REQUEST FOR PRODUCTION NO. 8:** Please produce each and every document used, relied upon or referred to or that is the subject of every interrogatory.

**RESPONSE:** Please see the attached documents.

**INTERROGATORY NO. 14:** Please state the following regarding any witness that you may call at any hearing or trial in this matter:

    a.    State full name, address, telephone number

    b.    State the substance the testimony.

**RESPONSE:** Sheriff Higgins has not yet identified the person or persons he will call to testify as witnesses in this matter. However, Sheriff Higgins anticipates that he may call some of the persons identified in the response to Interrogatory No. 3 above. Sheriff Higgins reserves the right to call as a witness any person identified in discovery by any party or referenced in documents

provided through the discovery process. Sheriff Higgins will supplement this response in accordance with the Arkansas Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 9:** Please produce each and every document, record, item or thing related in any way to Interrogatory Number 16.

**RESPONSE:** Not applicable. There is no Interrogatory No. 16. If, however, the Plaintiff is referring to Interrogatory No. 14, Sheriff Higgins, at this time, does not have any documents responsive to this request. See response to Interrogatory No. 14.

**INTERROGATORY NO. 15:** Please state whether you were involved in selecting the provider of health care to inmates at PCRDF.

    a.    If you were not, please state who was involved in selecting health care providers;

    b.    What contracts or agreements exists;

    c.    Any requirements regarding insurance;

    d.    The full extent of their responsibilities.

**RESPONSE:** Medical care at PCRDF is provided by a third party contractor, Turn Key Health. The contract between Pulaski County and Turn Key Health was entered into before Sheriff Higgins became Sheriff of Pulaski County. Contracts can only be made with the approval of the Pulaski County Quorum Court and executed by the county judge. The contract between Pulaski County and Turn Key Health is attached to these responses and contains information with respect to insurance and the responsibilities of Turn Key Health.

**REQUEST FOR PRODUCTION NO. 10:** Please produce each and every document, record, item or thing related in any way to Interrogatory Number 15.

**RESPONSE:** Please see the attached contract regarding Turn Key Health.

15

**Fuqua Campbell, P.A.**

Attorneys at Law
3700 Cantrell Road, Suite 205
Little Rock, Arkansas 72202
501-374-0200
Attorneys for Sheriff Eric Higgins

*/s/ David M. Fuqua*

By: David M. Fuqua
Ark. Bar No. 80048
E-mail: dfuqua@fc-lawyers.com

*/s/ Annie Depper*

By: Annie Depper
Ark. Bar No. 2009267
E-mail: adepper@fc-lawyers.com

## VERIFICATION

STATE OF ARKANSAS )
)ss
COUNTY OF PULASKI )

Eric Higgins, after being duly sworn, states that the foregoing responses to Interrogatories and Requests for Production of Documents are true to the best of his knowledge and belief.

_____
Eric Higgins

SUBSCRIBED and sworn to before me, a Notary Public, on this 19 day of July, 2019.

_____

My Commission Expires:
1-14-2024

> ELIZABETH S. GAINES
> No. 12397176
> FAULKNER COUNTY
> My Commission Expires 1-14-2024

17

## CERTIFICATE OF SERVICE

I, Annie Depper, hereby certify that a true and correct copy of the foregoing has been served via hand-delivery on:

Benjamin D. Jackson, Esq.
Lauren S. Grinder, Esq.
MITCHELL, WILLIAMS, SELIG,
GATES & WOODYARD
425 West Capitol Ave., Suite 1800
Little Rock, AR 72201

Willard Proctor, Jr., Esq.
2500 South State Street
Little Rock, AR 72202

John W. Walker, Esq.
Lawrence Anthony Walker, Esq.
1723 Broadway
Little Rock, AR 72206

on this 19th day of July, 2019.

Annie Depper